### DURNFORD vs. AYME.

APPEAL from the court of the first district.

The pleas of usury. fraud, and want of consideration, do not wave the general issue.

An act of the legislature cannot affect instruments executed before its passage.

MARTIN, J. delivered the opinion of the court. This case is before us on two bills of exceptions.

The first is to the opinion of the judge *a quo*, allowing leave to the defendant to strike out the pleas of usury, fraud, andw ant of consideration.

The general issue was pleaded, and it is urged that the court, by allowing the pleas to be stricken out, erroneously deprived the plaintiff of the acquired right in the admission, resulting from these pleas, of the fact incumbent on him to prove, on the the general issue.

The second bill is to the opinion of the judge, on refusing the testimony of the maker, to es-

tablish the signature of the endorser and payee.

East'n. District.
*Jan'y* 1825.

DURNFORD
*vs.*
AYME.

It is urged, that by a late act of the general assembly, the maker of the note is, in a case like this, expressly declared inadmissible; and that even before the act he could not be heard—having an interest to charge the payee; against whom he may avail himself of any equitable circumstance, which he could not oppose to an endorsee, and the great biass he is under to support the note, which in this case is one of accommodation, and to prevent the suspicion of forgery which would attach on him, if the signature be not what it purports to be.

1. The pleas of usury, fraud, and want of consideration, are not in this case a waver of the general issue, for neither is inconsistent with it. Those pleas are erroneously assimilated to that of payment. Payment is the extinguishment of a debt, and he who avers that he paid, *extinguished* a debt, impliedly admits it had an existence, for that alone renders it capable of being extinguished.

It is true, these pleas of usury, fraud, and want of consideration, are *useless* and of *no avail*, if the debt be not *proven*. In this they resemble the plea of payment. But they do not, like it, exclude the idea that the debt did

East'n. District.
*Jan'y.* 1825.

Durnford
*vs.*
Ayme.

not exist. Far from it, they aver it did not ripen into a demand.

From the imperfection of human judgment, the idea of the possibility of a fact, which never happened, being legally established, cannot be rejected. Witnesses may err, may prevaricate. A note may have been written over my signature, carelessly put at too great a distance of the writing I was desirous of attesting; and it may possibly be out of my power to prove the fraud: yet this ought not prevent one from pleading the general issue. And if I have a claim against the plaintiff, I ought to be allowed to provide the means of availing myself of it, if I fail in the general issue; which would be waved by an absolute plea of *payment.*

In the present case the usury, fraud and want of consideration, attach on the endorsement the act by which the plaintiff acquired a title to the contents of the note. The defendant may well say he did not endorse the note, and shew the maker was imposed on by fraud, that an advantage was taken of her necessities, by obtaining the note through usury, and without a serious consideration.

We think the leave was properly granted.

2. The act of assembly invoked, being poste-

rior to the endorsement of the note should not take away the right to the testimony which the plaintiff had previously acquired. The legislature could not destroy the debt; consequently they could not take away the means of proving it.

It does not appear to us that the maker of a note was before the act an inadmissible witness against the payee and endorser.

It is not an objection to a witness, that he is *a party* to the note sued on, unless he be interested *in the event of the suit*, or the verdict sought to be obtained with the aid of his testimony, may be evidence *in his favor* in another suit.

If the interest of a witness inclines him as much to one side as the other, so as upon the whole, to make him *indifferent*, in point of *substantial* interest, whether the verdict be for the plaintiff or defendant, he is a competent witness for either.

Here the witness was, it is true, a party to the note, but the verdict to be given would be as to her *res inter alios acta*, and could not be evidence for or against her. She had no *substantial* interest in the event of the suit. The plaintiff, it is true, in case he failed against the endorser, might sue her; so he might, even if he

East'n. District,  succeeded, unless he actually obtained *pay-*
Jan'y. 1825.      *ment.* If the defendant failed, she was liable
DURNFORD        to his action after the plaintiff was paid. The
*vs.*           suit found her suable at its inception, and left
AYME.           her so at its conclusion. The satisfaction of
the judgment obtained by the plaintiff, had the
effect, it is true, of *changing* her responsibility.

In case she had an equitable defence, to op-
pose to the payee, which she could not to the
endorsee, she placed herself *in duriori casu* by
supporting the defence, and she had therefore
an interest to support the claim. This may
be true, but courts must act on cases as they
are, not as they may *possibly* be. The circum-
stance of the witness having such an equitable
defence, if it may work an exception to the
general rule, ought to be alleged and shewn.
The party in such a case must establish the
facts on which it may rest by the *voir dire* of the
witness or other proof.

It is also true, if the plaintiff succeeds, the
witness will be liable to the present defendant
for the amount of the note, and the costs and
damages, which may result from his neglect to
take up his accommodation note. Of the bias
which this sort of interest may create, the

plaintiff might complain, but the defendant cannot, for to him it will be *favorable.*

The interest which repels a witness must be a *substantial* one, *i. e.* a pecuniary one, affecting in some manner his *property*: it does not suffice that it does his *feelings*, his *affections*, or his *wishes.*

Husband and wife are excluded, because they have a great *identity* of interest. Ascendants and descendants for the same reason, being forced heirs. The common law of England, to which forced heirship is unknown, admits the parent to testify for the child, and *vice versa.* The factor or agent testifies for his principal in matters intrusted to him. A party charged with the forgery of the note, sued on, and actually imprisoned in consequence of the charge, has been admitted. *Philips' Ev.*

We think the judge *a quo* erred in rejecting the witness. Her deposition came up with the record, and had not one of the parties demanded a jury trial, we might have examined the case on the merits. This circumstance prevents it.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided, and reversed, and the

East'n. District.
*Jan'y.* 1825.

DURNFORD
*vs.*
AYME.

East'n. District.
*Jan'y.* 1825.

DURNFORD
*vs.*
AYME.

case remanded, with directions to the judge *a quo*, not to reject the testimony of the maker of the note; and it is ordered that the defendant and appellee pay costs in this court.

*Hennen* and *White* for the plaintiff, *Mazureau* for the defendant.